# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50702
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICARDO HERNANDEZ-HERNANDEZ,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CR-177-1

————————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Ricardo Hernandez-Hernandez appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing that the statutory sentencing enhancement in § 1326(b) is unconstitutional. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time in which to file a brief. Hernandez-Hernandez takes no position on

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50702

the motion for summary affirmance but concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

The parties are correct that the argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.